**(99 South. 632)**

**No. 24114.**

**STEPHENS et al. v. DIXIE MERCAN-
TILE CO.**

(March 10, 1924.  Rehearing Denied by Division C April 7, 1924.)

*(Syllabus by Editorial Staff.)*

Highways ⚖ 184(2)—Finding that pedestrian killed by motor truck on highway was contributorily negligent sustained.

In an action for the death of one struck by defendant's motor truck, plaintiffs claiming that the truck was running at a high rate of speed on the wrong side of the highway, and defendant that the truck was on the right side of the highway, proceeding at a moderate pace, and that in spite of the efforts of the driver deceased ran into it, evidence *held* to sustain a finding that the proximate cause of the accident was deceased's contributory negligence.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by Henry Stephens and others against the Dixie Mercantile Company. Judgment of dismissal, and plaintiffs appeal. Affirmed.

H. K. Strickland, of Baton Rouge, for appellants.

Charles A. Holcombe, of Baton Rouge, for appellee.

By Division B, composed of Justices DAW-KINS, LAND, and LECHE.

LAND, J.  Petitioners, alleging that they are the only heirs of Ann Stephens, sue defendant company for the sum of $6,000 as

damages for her death, occasioned by deceased being struck by a truck owned by defendant company and operated by one of its employees.

The accident occurred on April 27, 1918, on the Jackson road, a continuation of the Bayou Sara and Plank road, running into the city of Baton Rouge.

Petitioners aver that the auto was running south on the east or wrong side of this road when deceased was injured; that while the driver was giving his attention to something behind him he crossed from the west or right-hand side of the road, where he properly belonged, over to the extreme east side, and without any warning or signal of any kind struck deceased as she was within one step of the sidewalk on the east side of this road, the impact lifting her up from the ground and throwing her some distance ahead before she was run over.

Defendant denies the allegations made by plaintiffs, especially the averments that its Ford truck was being driven on the wrong side of the road, that deceased was run over by the truck, and that the driver was looking behind him at the time of the accident.

Defendant company alleges that, after the driver had passed another automobile ahead of him, and had regained the full right of the road, the deceased, who was standing or walking on the extreme right of the road, suddenly entered the road, apparently trying to pass in front of defendant company's truck and go to the left or east side of said road, and ran into the truck; that deceased was so close to the truck at the time that the collision was wholly unavoidable, and due solely to her gross fault and negligence although defendant company's driver veered to the left, and applied the brakes, and did everything possible to avoid the accident.

Defendant company alleges that the road was straight at the place of the accident, and that the truck was being operated at a moderate rate of speed. It is shown that the accident occurred in the afternoon.

A case of conflicting testimony is presented to us for decision. The trial judge accepted as true the testimony of defendant company's witnesses and rejected the demand of plaintiffs, the case being tried without a jury. We approve and adopt the following reasons of the lower court as the basis of our opinion in this case:

"The testimony in this case is conflicting. The court has considered it carefully and has given credit to the witnesses who appear to be most worthy of belief. The court has weighed the established circumstances, and finds that some of the circumstances are significant, notably, the bent rear fender on the side of the truck, the blood on the side of the car in front of that fender, and the short distance the car traveled after the accident.

"The plaintiffs offer the testimony of three eyewitnesses, two colored women and a colored man. There is no variation of consequence in their testimony. These witnesses place the deceased, at the time of the accident, 2 or 2½ feet from the ditch on the left side of the road. They say she was facing and traveling south when the truck ran up behind her, struck her in the back, and ran over her. They say the truck was running at a very high rate of speed, and that the accident occurred between 4 and 5 o'clock in the evening. Two of these witnesses say the front part of the truck struck the deceased, the other says the left side of the truck struck her.

"The defendant offers the testimony of four eyewitnesses, three white men and one colored man. These witnesses testify that the deceased suddenly appeared in the road and either ran or walked into the right side of the truck, fell or was thrown on the right rear fender, and from thence to the ground. They say the truck had just passed a car, and was heading back to the right side of the road, and at time of the accident the deceased was a little west of the middle of the road. They vary slightly in fixing the speed of the car. Three of the witnesses say the car was traveling about 15 miles per hour, and one says its speed was between 18 and 20 miles per hour. They all fix the time of the accident as between 1 and 2 o'clock. They say their store closed at noon to permit them to participate in a parade; that they left Dixie shortly after the store closed, and were on their way to town when the accident occurred. Their testimony as to the time of the

accident seems to be more certain than the testimony of plaintiffs' witnesses on the point, and is therefore entitled to greater weight.

"The bent rear fender on the right side of the truck is a particularly significant circumstance corroborating the testimony of defendant's witnesses as to the manner in which the deceased received her injuries. The testimony of Dr. Jones also tends to corroborate those witnesses on that point. In substance, Dr. Jones says that the bruise in the back of deceased was slight, and he did not attach any importance to it. He says the deceased died of concussion of the brain produced by external force on the head. He does not explain the probable manner in which she received the fracture of the leg, but he says the fracture of the arm was most probably caused by the deceased falling and attempting to break the force of the fall with the hand. The effect of this evidence tends to strengthen the testimony of defendant's witnesses, who say that the head of deceased struck the side of the truck; that her body fell on the rear fender, and then fell to the ground. It is also improbable that a mere slight and unimportant injury to the back of the deceased would have resulted if the car, traveling at a high rate of speed, had struck the deceased in the back and ran over her, as the witnesses for the plaintiffs describe the occurrence. It therefore appears that a fair preponderance of the evidence is within the defendant on this point.

"The success of the driver in stopping the truck with the foot break within 25 or 30 feet is also a significant fact, tending to corroborate defendant's witnesses as to the speed of the truck.

"It may be said that when the testimony is carefully considered and due weight is given to the circumstances the preponderance of the evidence is with the defendant on all material points. Under this state of the proof the proximate cause of the accident is chargeable to the contributory negligence of the deceased, and plaintiffs cannot recover. This is the rule even though the driver of the truck may have been negligent.

"It may be noted that the accident did not occur on a city street or at a public crossing, but on a main highway. It may also be noted that Mrs. Odom and a negro woman testify that they saw the deceased crossing the road, noticed the danger, and one of these witnesses tried to warn her.

"For these reasons this suit is dismissed, at plaintiffs' cost.

"H. F. Brunot, Judge."

Judgment affirmed.

Rehearing denied by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.